# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00472-CV

**Patricia Ann Powers, Appellant**

**v.**

**Fremont Industrial Indemnity Company c/o TPCIGA Carrier, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-07-001122, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Patricia Ann Powers appeals the dismissal of her suit for worker's compensation benefits as a sanction for discovery abuse. Powers asserts on appeal that appellee, Fremont Industrial Indemnity Company c/o TPCIGA Carrier, committed discovery abuse which was not addressed and that she had been previously deposed by the carrier. We affirm.

A trial court may dismiss a party's claims if the party fails to comply with proper discovery requests or orders to provide or permit discovery. Tex. R. Civ. P. 215.2(b)(5). This decision is entrusted to the trial court's "sound discretion." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). We review such a dismissal to determine whether the sanction is directly related to the party's conduct and whether a less stringent sanction would have been appropriate. *Id*.

Powers filed this suit on April 16, 2007. The record reveals that the following events

ensued:

| | |
|---|---|
| October 23, 2007 | Appellee filed a motion to compel attendance at oral deposition, alleging (1) that it had sent Powers notice of intent to take her deposition; (2) that Powers did not accept delivery of that notice; (3) that its attorney e-mailed Powers on October 11, 2007, advising her of the deposition scheduled for the next day; and (4) that Powers responded by e-mail, "NO." |
| November 15, 2007 | The trial court signed an order finding that Powers committed discovery abuse by intentionally failing to appear at the deposition. The court ordered Powers to appear for an oral deposition on December 12, 2007. The deposition was set for the courthouse annex in Powers's home county. The court warned that any failure by Powers to appear for this deposition could result in further sanctions including dismissal of all causes of action. The trial court considered monetary sanctions, but opted not to impose them because of Powers's financial situation. |
| January 8, 2008 | Appellee filed a motion to dismiss as sanction for discovery abuse, alleging that its attorney (1) forwarded to Powers a copy of the November 15, 2007 order compelling her attendance at the deposition by certified mail, (2) confirmed that the order was returned unclaimed, and (3) that Powers failed to appear at the deposition as ordered. |
| February 14, 2008 | Powers filed a petition opposing dismissal, alleging that appellee objected to and otherwise refused to respond to Powers's March 13, 2007 discovery request for TPCIGA's financial statements from 1999 to that date. She alleged that appellee's attorney changed the September dates of her deposition dates by email. She also asserted that she twice requested a hearing in late 2007 regarding appellee's refusal to provide the requested financial statements, and that she received no response. |

In its June 23, 2008 order dismissing Powers's suit as a sanction for discovery abuse, the trial court

stated that appellee presented evidence that Powers failed to appear for the court-ordered

2

December 12, 2007 deposition setting. The court found that, by not accepting the discovery notice and a court order and by failing to appear at the deposition settings, Powers "has demonstrated continuing and flagrant bad faith and discovery abuse, and has demonstrated continuing flagrant disregard for the formal rules of discovery, and has demonstrated disregard for the authority of this Court and its lawful orders."

The issues Powers raises on appeal do not address or undermine the merits of the trial court's dismissal of her claims. She asserts that appellee failed to produce requested financial statements and that the trial court failed to hold a hearing regarding that failure, that she had given a deposition previously, that the district court appeared biased because it "pardons and overlooks the errors and insults that are committed by the carrier," that it is "hyper-vigilant and subscribes to a double-standard for the pro-se" workers' compensation clients, and that the workers' compensation commission is "jaded and heavily biased against the Texas injured worker." Except for the complaint regarding appellee's discovery responses, these assertions do not appear to have been presented to the trial court. These assertions are not supported by evidence in the record. These assertions do not excuse her from complying with lawful and reasonable deposition settings, from accepting deposition notices and orders from the trial court, or from complying with an order from the trial court to appear for deposition—particularly when the order warned that failure to appear could result in dismissal of her lawsuit. Most critically, however, none of Powers's assertions on appeal challenge the trial court's findings supporting its dismissal of her claims.

In response to Powers's failure to appear for a deposition, the trial court ordered her to appear at a deposition in her hometown. It declined to impose monetary sanctions. The terms of

3

the November 15, 2007 order were related to and proportional with Powers's conduct. Powers's response was to refuse to accept the order and to refuse to appear for the deposition. In light of Powers's further refusal to participate in the normal processes of a lawsuit that she initiated, the trial court dismissed her lawsuit. We conclude that the trial court acted within the bounds of its sound discretion.

Affirmed.


_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: December 2, 2009

4